UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
FILED
AUG - 3 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Christopher J. Sledge, | )<br>) |
| Petitioner, | )<br>) |
| v. | ) Civil Action No. 11 1393<br>) |
| Warden Dawn E. Grounds *et al.*, | )<br>) |
| Respondents. | ) |

MEMORANDUM OPINION

Petitioner, a prisoner in New Boston, Texas, has submitted a form "Petition for Writ of Habeas Corpus By a Person in Custody in the District of Columbia." He is challenging a conviction entered by the 5th Judicial District Court in Bowie County, Texas, Pet. at 2, and the petition reveals no connection to the District of Columbia. In any event, the proper respondent in *habeas corpus* cases is the petitioner's warden or immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998). "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); accord *Rooney v. Secretary of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) ("jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located") (internal citations and quotation marks omitted).

Petitioner's custodian is not within this Court's territorial jurisdiction, and petitioner's statements of general habeas principles cast as supporting facts, *see* Pet. at 5-6, fail to provide a basis for transferring this action. *See* 28 U.S.C. § 1406(a) (authorizing a transfer in the interest of justice). Therefore, the Court, lacking jurisdiction over the petition, will dismiss this action

without prejudice to petitioner's filing a new habeas action in the Eastern District of Texas, where his warden is located.

_____
United States District Judge

DATE: July 19, 2011